CHERRY, MORROW & CO. v. N. H. BUTLER.

(No. 3872.)

APPEAL from Navarro County.   Opinion by WHITE, P. J.

FROST & ETHERIDGE, counsel for appellants.

No counsel appeared for appellee.

§ 271. *Payment; burden of proof of; evidence held insufficient to establish.*   Cherry, Morrow & Co. brought this suit in the county court of Navarro county to recover upon a lost acceptance or a draft, No. 2519, drawn by them upon N. H. Butler, for the sum of $404, dated November 9, 1885, together with interest and costs of collection. Butler pleaded that he had paid said acceptance, and upon the trial there was a verdict and judgment rendered in favor of Butler, from which judgment this appeal is taken by appellants.   The evidence discloses that Butler had been in the habit of buying wagons by the car-load from appellants, and that on September 7, 1885, plaintiffs sold defendant a car-load of wagons for which he made three acceptances, among which was one for $404, due November 1, 1886.   That by a mistake this acceptance was sent to the bank at Corsicana for collection on November 1, 1885,— a year before it was due,— and defendant paid it.   Having discovered his mistake in paying it a year before it was due, he drew on appellants for ·$404, and the appellants repaid him that sum, and sent him another acceptance, which was executed by Butler, for $404, which was to be due and payable on the 1st of

467

November, 1886, and this acceptance is the one herein sued on. They allege in their petition that the acceptance had been lost by them, but that it was due and unpaid. As heretofore stated, defendant claimed that he had paid it. Defendant admitted the facts with regard to the two acceptances to be true, and pleaded in defense that he had paid both. Where defendant admits that a debt is correct, but claims that it has been paid by him, the burden of proof is upon him to establish these facts. [2 Greenl. Ev. 516.] Defendant testified in his own behalf on the trial of the case, and his evidence is too uncertain and unsatisfactory in regard to the payment to warrant us in holding that he has proven the same. He states that his recollection is that he paid it to Jester, a banker; but he is not certain, but knows that he paid it to somebody representing plaintiffs. He admitted that he stated to Etheridge, appellants' attorney, that he had paid the acceptance before it was due, and he admitted that the duplicate acceptance of the original had been presented to him for payment in 1889 by Mr. Church, cashier of the First National Bank of Corsicana, but he claimed that in all his conversations with regard to the matter he stated and insisted the acceptance had been paid. He testified that he did not have the acceptance; that he was not very strict in book-keeping; and that he would tear up notes as soon as he had paid them. It was shown by the evidence for the plaintiffs that Cherry, Morrow & Co. had never been paid said acceptance, and that the defendant wrote to them that he had paid the acceptance, and had it in possession; that it was collected by the First National Bank of Corsicana. It was proven by the officers of the First National Bank of Corsicana that the acceptance had never been paid to them, and that they had never collected the same. It was proven by L. L. Jester, to whom defendant said he had paid the note, that it had never been paid to him. Mr. Etheridge stated that he asked him how and to whom he had

paid it, and he stated to him (Etheridge) that he had paid it a year before it was due; but Mr. Etheridge says he did not tell him that he had paid the acceptance one year before it was due, and had drawn immediately afterwards on the plaintiffs for the money, and they honored his draft, and that he had made a new acceptance to them. He never mentioned these matters. In the case of Henderson v. Landa (Tex. Sup.), where defendant said that he had paid the debt sued upon, the supreme court say: "The evidence adduced by him does not prove the fact. All that is does show, supposing every word he testified to was true, was that he sent the money by draft, post-office order, in a registered letter, or otherwise. The receipt of the money by plaintiff is not shown, and, in view of the very uncertain statement as to how or when it was sent, we cannot say that any inference or presumption should arise that it was received. Defendant, pleading payment, should have come prepared to establish the fact, at least as one that might be reasonably inferred from some certain facts established. . . . The evidence of payment fell short of actual or satisfactory proof of the fact he was required to prove, and for this reason a new trial should have been granted." As stated above, the burden of proof was upon the defendant (appellee) to prove the payment. His evidence is no guide to the truth, but is contradictory in itself. "Had the contradictory statement been made by two witnesses, one contradicting the other, the rule that there exists evidence to support the finding of the court would apply; but these statements are made by the same witness, which makes his testimony, at best of little value, not enough to justify a reliable conclusion." [Easton v. Dudley, 78 Tex. 236.] The evidence is insufficient to support the verdict.

§ 272. *Evidence; declarations of party to suit not admissible, when.* With a view to another trial we will notice appellants' bill of exceptions, which shows that while N. H. Butler, defendant, was on the stand as a

witness, he was asked by counsel if he had paid the acceptance sued upon.   He stated he had; whereupon counsel asked him if he had any reason why he knew he had paid said acceptance, to which question appellants' counsel objected, but the court overruled the objection, and over said objection of plaintiffs' counsel the court permitted the witness Butler to testify that he had paid said acceptance; that the reason he knew he had paid it was that, after he had paid the same, he called the attention of someone to the fact, stating to them as follows: "This is the second time I have paid this acceptance,— once before it was due, and once afterwards." "This is the reason I know it was paid; that this is the reason the fact of payment was impressed upon my memory." The objection to this testimony was that it was self-serving upon a material issue in the case; that the statement was not made in the presence of plaintiffs; and that it was *res inter alios acta.*  We are of the opinion that the objections were well taken.  The burden of proof was upon the defendant to establish the fact of payment, not by statements of mere conclusions, but by proof of facts showing payment.  The declaration complained of was not made to or in the presence of appellants, and was made in the interest of the defendant himself.  In Solomon v. Huey, Posey's Unrep. Cas. 265, it is said admissions of a party against his interest are competent testimony, but it does not follow that declarations made in his own interest, made at other times, and not in the presence of the adverse party, are competent testimony, for that would be to permit a man to manufacture evidence in his own behalf.  Because the court erred in admitting illegal testimony, as shown by defendants' bill of exceptions above noticed, and because the evidence is wholly insufficient to support the verdict and judgment, the judgment is reversed and the cause remanded.

December 12, 1891.          Reversed and remanded.